UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **WILLIAM SEYMOUR JONES,** | : | Civil Action No.: 00-3746 (MLC) |
| Plaintiff, | : | |
| v. | : | MEMORANDUM OPINION |
| **THOMAS A. DEROSA, et al.,** | : | |
| Defendants. | : | |

**HUGHES, U.S.M.J.**

This matter is before the Court upon the Motion of Defendant Thomas A. DeRosa ("Officer DeRosa") and upon the Motion of Defendant Township of Clinton ("Township") to Quash Plaintiff's Subpoena dated August 24, 2006 which was served on the Township. Defendant Douglas Higgins ("Officer Higgins") joins the Motion to Quash. Plaintiff William Seymour Jones ("Plaintiff") opposes the Motion. On March 30, 2005, the Court dismissed Plaintiff's Third Amended Complaint as to the Township. The subpoena served by Plaintiff seeks certain documents from the Township including Internal Affairs files of Officer DeRosa, Officer Higgins, and other non-party members of the Clinton Police Department. The Court reviewed the written submissions of the parties and conducted oral argument on October 31, 2006. For the reasons that follow, Defendants Officer DeRosa, Officer Higgins, and the Township's Motions to Quash the subpoena served by Plaintiff on the Township of Clinton are granted in part and denied in part.

1

I.      BACKGROUND AND PROCEDURAL HISTORY

*A.     Factual Background*

Plaintiff's Complaint arises from a traffic stop that he asserts was racially motivated. (Pl.'s Br. at 1). On July 13, 2000, Plaintiff was a front seat passenger in a vehicle operated by Damon Harris traveling on Route 22 in Clinton Township, New Jersey. (DeRosa Br. at 1; Pl.'s Opp. Br. at 3). Both Plaintiff and Mr. Harris are African-Americans. (Pl.'s Opp. Br. at 1). Plaintiff asserts that while the vehicle "was stopped in traffic at the entrance to Route 78, [Officer] DeRosa pulled alongside the vehicle and stared at both occupants of the vehicle." (Pl.'s Opp. Br. at 3). After following the vehicle for approximately two miles, Officer DeRosa pulled the vehicle over. (Pl.'s Opp. Br. at 4). Officer DeRosa reports stopping the vehicle after witnessing it swerve partially into the middle lane from the right lane toward a tractor-trailer. (DeRosa Ex. C).

After stopping the vehicle, Officer DeRosa approached the driver's side and requested the driver's license, registration, and proof of insurance. (DeRosa Ex. C). The driver could produce no identification, but told the officer that his name was Fahim A. McIntosh. (DeRosa Ex. C). Plaintiff, the front seat passenger, provided a valid Pennsylvania driver's license. (Pl.'s Opp. Br. at 4). Officer DeRosa asked Mr. Harris to step out of the vehicle and further questioned him regarding his name, date of birth, and social security number. (DeRosa Ex. C). According to the officer, the driver was acting in a nervous and suspicious manner by refusing to make eye contact and by repeatedly looking back toward his vehicle. (DeRosa Ex. C). Officer DeRosa then instructed the driver to stand by and proceeded to question Plaintiff. (DeRosa Ex. C). Plaintiff told the officer that the driver's name was Damon Harris. (DeRosa Ex. C). Officer DeRosa then

2

called Officer Higgins, a Sergeant with the Clinton Township Police Department, for assistance. (DeRosa Ex. C). Officer DeRosa ran the information provided by Mr. Harris and then Officer Higgins placed Mr. Harris in the back of a police vehicle. (DeRosa Ex. C).

Officer DeRosa then asked Plaintiff to step out of the vehicle and patted him down for weapons. (DeRosa Ex. C). When Officer DeRosa reportedly attempted to search the vehicle for a registration and insurance card, he saw what he suspected was cocaine under the front passenger's seat. (DeRosa Ex. C). Plaintiff asserts that Officer DeRosa searched the car without consent. (Pl.'s Opp. Br. at 4). Upon the discovery of the drugs, Officer Higgins placed Plaintiff and Mr. Harris under arrest. (DeRosa Ex. C). Plaintiff was charged with possession of cocaine with an intent to distribute in violation of N.J.S.A. 2C:35-5b(1). (See DeRosa's Ex. C). After Plaintiff served five months in jail, all charges against him were dropped. (Pl.'s Opp. Br. at 4).

**B.**     *Complaint*

On August 3, 2000, Plaintiff *pro se* filed a civil rights complaint against Officer DeRosa in the United States District Court, District of New Jersey, alleging violations of his civil rights resulting from the arrest on July 13, 2000. (DeRosa Br. at 1; Leit Cert., Ex. A). On January 17, 2001, by order of this Court, the matter was stayed for 120 days, or until May 18, 2001, pending the resolution of Plaintiff's criminal matters in Pennsylvania. (See Dkt. no. 00-3746, entry no. 33). On May 29, 2001, the case was reopened by Order of the Court (See Dkt. no. 00-3746, entry no. 47). This Court further granted Plaintiff's motion for leave to file an Amended Complaint adding Officer Douglas Higgins as a defendant on July 16, 2001. (See Dkt. no. 00-3746, entry no. 54). On February 8, 2002, Officer DeRosa filed a motion for summary judgment [Dkt. no. 00-3746, entry no. 85] and the Court subsequently dismissed the claims for punitive damages

against Officer DeRosa [Dkt. no. 00-3746, entry no. 104].

On August 20, 2002, Plaintiff filed a separate civil rights complaint against Officers DeRosa and Higgins which also resulted from the July 13, 2000 arrest. (See Dkt. no. 02-4048, entry no. 2; Leit Cert., Ex. F). Officer DeRosa filed an additional motion for summary judgment on August 27, 2002. (See Dkt. no. 00-3746, entry no. 108). The two actions were consolidated on January 31, 2003, and Plaintiff was granted leave to file an amended complaint. (See Dkt. no. 00-3746, entry no. 114). On February 13, 2003, Officer DeRosa's summary judgment motion was dismissed as moot and premature given that Plaintiff was granted leave to file an amended complaint. (See Dkt. no. 00-3746, entry no. 115).

Plaintiff's motion for appointment of *pro bono* counsel was granted by this Court on August 1, 2003. (See Dkt. no. 00-3746, entry no. 144). On May 17, 2004, the Court further ordered that Plaintiff was permitted to file a Third Amended Complaint naming the Township of Clinton and John Does 1-10 as defendants. (See Dkt. no. 00-3746, entry no. 157). Plaintiff filed the Third Amended Complaint on May 28, 2004. (See Dkt. no. 00-3746, entry no. 159). In the Third Amended Complaint, Plaintiff asserts that Defendants committed violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights, conspired to deprive Plaintiff of his Civil Rights, violated the State Constitution, and falsely arrested and imprisoned him. Id. Plaintiff further argues that Officer DeRosa pulled over the vehicle solely because of the race of Plaintiff and Mr. Harris. Id. Specifically, Plaintiff asserts the following counts in his Third Amended Complaint: Count 1 - Violation of 42 U.S.C. § 1983 against Defendants DeRosa and Higgins; Count 2 - Violation of 42 U.S.C. § 1983 against the Township of Clinton and John Does 1-10; Count 3 - Conspiracy to Deprive One of Civil Rights against Defendants DeRosa and Higgins; Count 4 -

Negligence against the Township of Clinton; Count 5 - False Arrest and False Imprisonment against all Defendants; and Count 6 - State Constitutional Claims against all Defendants. (See Dkt. no. 00-3746, entry no. 159).

Officer Higgins filed a motion to dismiss the Third Amended Complaint on July 7, 2004, and the Township of Clinton filed a "cross motion" for an order dismissing Plaintiff's Third Amended Complaint on August 13, 2004. (See Dkt. no. 00-3746, entry no. 163, 169). On March 30, 2005, the Court dismissed Count five (5) of the Third Amended Complaint as to Officer Higgins and dismissed the Third Amended Complaint as to the Township [Dkt. no. 00-3746, entry no. 181, 182]. Three Counts remain viable against Officer Higgins: (1) Count 1, violation of 42 U.S.C. § 1983; (2) Count 3, conspiracy to deprive one of civil rights; and (3) Count 6, state constitutional claims. (See Pl.'s Third Am. Compl.). The Township now moves as a third party to quash a subpoena seeking a wide variety of documents.

C.     *Subpoena Served upon the Township*

Plaintiff served a subpoena dated August 24, 2006, upon the Township of Clinton seeking certain documents including internal affairs files of Officers DeRosa and Higgins and other non-party members of the Clinton Police Department, in addition to documents regarding police policy, procedure, and training. (See DeRosa Ex. CC). Officer DeRosa has already provided Plaintiff with policies and procedures regarding race in executing a motor vehicle stop, searches of vehicles, searches of individuals, arrests of individuals, and arrests of individuals of color as an amendment to his Rule 26 disclosures. (DeRosa Br. at 9).

On September 18, 2006, Officer DeRosa and the Township filed motions to quash the subpoena. (See Dkt. no. 00-3746, entry no. 203, 204). Officer DeRosa argues that the subpoena

5

served upon the Township is overbroad and seeks information that is not relevant to the present action. The Township argues that the documents requested by Plaintiff may be the subject of an appeal, stay and/or protective order in the Third Circuit and therefore, this Court should not order disclosure of the requested documents. However, a Court's review of the docket reveals no pending stay, appeal, or protective order pending in the Third Circuit Court of Appeals, which Defendants conceded at oral argument.

Officer Higgins joined the motions to quash filed by Officer DeRosa and the Township and argues that some of the documents requested by Plaintiff in the subpoena are the subject on an appeal pending in the Superior Court of New Jersey, Appellate Division. Officer Higgins further argues that the requested information is not relevant and is protected by the law enforcement privilege. Officer Higgins further argues that the information sought is confidential and therefore, a protective order is necessary to protect any personal information ordered disclosed by the Court. Officer Higgins requests the Court conduct an *in camera* review before ordering disclosure of any information.

In response, Plaintiff contends that Officer DeRosa does not have standing to quash the subpoena served on the Township, a third party. Plaintiff requests that a protective order be entered to protect disclosure of any confidential or personal information while allowing for use of the information in the present litigation. Plaintiff contends that the subpoena requests relevant information and is not the subject of any appeal, stay, or protective order.

## II.     DISCUSSION

In his motion to quash, Officer DeRosa argues that the subpoena served upon the Township seeks information that is not relevant to the present action because there is no Monell

6

claim, "no claims pending against the Township for policy, custom or practice." (DeRosa Br. at 10) (See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (holding that a governmental entity could be responsible under 42 U.S.C. § 1983 only when execution of a government policy inflicted the injury)). Officer DeRosa further argues that the requests are overbroad and not reasonably calculated to lead to the admissibility of relevant evidence. Id. at 12. Officer DeRosa further argues that he has a direct interest in preventing disclosure of the documents sought because Plaintiff is seeking his personnel and internal affairs files. (DeRosa Reply Ltr. at 1-2).

In its motion to quash, the Township argues that the documents requested in the subpoena "are more properly the subject of discovery by and between the litigants." (Van Hise Cert. at ¶ 21). The Township further argues that documents "may be the subject of a stay order issued by the United States Court of Appeals for the Third Circuit," may be the subject of a protective order, and/or may be the subject of a motion to quash filed by Defendants. Id. at ¶ 22.

Officer Higgins joined the motions to quash via letter brief dated September 20, 2006. (See Dkt. no. 00-3746, entry no. 205, 206). Officer Higgins argues that a number of the documents requested in the subpoena are the subject of an appeal pending in the Superior Court of New Jersey, Appellate Division, which entered a stay of an order unsealing a number of the documents. (Higgins Ltr. Br. at 2). Officer Higgins asserts that no decision regarding the present motion should be made until the Appellate Division makes a decision about the documents. Id. at 2.

Officer Higgins argues alternatively that the information sought in the subpoena is not relevant and is protected by the law enforcement privilege. Id. Officer Higgins asserts that the information sought is sensitive and confidential and should not be disclosed for fear of misuse by

7

Plaintiff, a career criminal.  Id. at 6.  Officer Higgins requests that a protective order be entered if the Court does order disclosure of the information.  In a reply letter dated October 9, 2006, Officer Higgins further requests that the Court narrow the scope of the information sought in the subpoena and review *in camera* any documents ordered disclosed to determine what specific information should be redacted.  (Higgins Reply Ltr. at 3-4).

      In response, Plaintiff contends that Officer DeRosa does not have standing to move to quash a subpoena served upon the Township, a third party.  (Pl.'s Opp. Br. at 4).  Plaintiff further contends that Officer DeRosa, who argues that the information sought in the subpoena is not relevant, does not meet the requirements of Federal Rule of Civil Procedure 45 which would provide a basis for quashing the subpoena.  Id. at 5; see FED. R. CIV. P. 45(c)(3)(A) (allowing the court to quash or modify a subpoena if the subpoena does not allow reasonable time for compliance, requires a non-party to travel too great a distance, requires disclosure of privileged or protected information, or is unduly burdensome).  Plaintiff also contends that the documents requested in the subpoena are relevant and discoverable and that Officer DeRosa asserts no privilege.  Id. at 6,10.  In response to Officer Higgins' letter brief and the Township's Motion to Quash, Plaintiff further asserts that the documents requested are not the subject of any known Third Circuit appeal, stay, or protective order.  (Pl.'s Ltr. Br. at 2).

      Plaintiff further asserts that "[a]lthough the Township [] is no longer a party to the case, the Plaintiff is well within his rights under Federal Rules 26 and 45 to serve a subpoena upon a third party to obtain relevant documentary evidence."  Id. at 3.  Plaintiff requests that the Court deem Officer DeRosa's Motion to Quash as a motion for a protective order under Federal Rule of Civil Procedure 26(c) to protect any confidential information while allowing use of the

information during the present action.

Currently in dispute are Plaintiff's requests 7, 8, 10 in part, and 11 which , in essence, seek Officer DeRosa's and Officer Higgins' internal affairs and personnel files.  Also in dispute are Plaintiff's requests 9, 10 in part, 12, 13, 15, 16, 17, and 18 which seek information regarding training of the Clinton Township Police Department.  Plaintiff's requests 1-6 and 14 have already been produced by Officer DeRosa and therefore, the Court finds they are not the subject of the present motion to quash.

### A.  *Scope of Discovery*

The Federal Rules of Civil Procedure adopt a liberal policy for providing discovery. Federal Rule of Civil Procedure 26(b)(1) provides in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1).  As provided in Rule 26(b)(1), a party can assert that evidence is relevant based on either a "claim or defense of any party" or the "subject matter involved in the action." FED. R. CIV. P. 26(b)(1).

Courts have construed this rule liberally, "creating a broad range for discovery which would 'encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Lesal Interiors, Inc. v. Resolution Trust Corp., 153 F.R.D. 552, 560 (D.N.J. 1994)).  Review of all relevant evidence provides each party with a fair opportunity to "present an effective case at

trial." Id.

However, the scope of discovery has "ultimate and necessary boundaries." Id. (citing Hickman v. Taylor, 329 U.S. 495, 507 (1947)). To be discoverable, evidence must be "reasonably calculated to lead to the discovery of admissible evidence." Id. Whether certain documents are relevant is "viewed in light of the allegations of the complaint, not as to evidentiary admissibility." Scouler v. Craig, 116 F.R.D. 494, 496 (D.N.J. 1987). In Scouler, the plaintiff alleged inadequacy of the Township's supervising and training of an officer. Id. The Court held that the personnel file of the officer, complaints, and disciplinary action against the officer, were all relevant to plaintiff's allegations. Id. The Court further held that "supervisory evaluations should not be shielded unless, as to each assertedly privileged evaluation, defendants are able to make a strong showing that confidentiality is vital to the decision-making process of the municipality or would otherwise substantially harm the public interest." Id. (See also Crawford v. Dominic, 469 F. Supp. 260, 263 (E.D. Pa. 1979) (finding that knowledge of the City's supervisory and policy-making employees is relevant in determining supervisory liability)).

Unlike the plaintiff in Scouler, Plaintiff in the present case no longer has a claim against the Township. Plaintiff's subpoena is seeking information regarding Officers DeRosa and Higgins, including personnel files, disciplinary files, Internal Affairs files, and arrest histories of both officers, the race of each individual stopped by the officers, and all complaints made by or against the officers. However, Plaintiff's subpoena also seeks information relating to the Clinton Township Police Department's reports, investigations, and documents relating to policies, procedures, and all other member of the police department. Although the information in

Plaintiff's subpoena relating to Officer DeRosa's and Officer Higgins' internal affairs and personnel files, is relevant to the claims in Plaintiff's Third Amended Complaint against the officers as individuals, the information about other officers and Clinton Township Police Department generally are no longer relevant to Plaintiff's complaint after dismissal of the Township as a defendant.

Unlike the plaintiff's complaint in Scouler which alleged inadequacy of the Township's supervising and training of an officer, Plaintiff's remaining claims in his Third Amended Complaint are only against Officers DeRosa and Higgins. Therefore, Plaintiff's subpoena cannot be upheld as relevant to a claim or defense under Rule 26(b)(1) as it relates to the Clinton Police Department and officers other than the two defendants. However, Plaintiff's request for information as it relates to Officer DeRosa and Officer Higgins is relevant to Plaintiff's claims against them under Rule 26(b)(1). Although Plaintiff's requests seek a wide range of information, the officers' individual actions within the police force, including how they relate to possible racial motivation for traffic stops, speak to Plaintiff's claims against the officers for violations of § 1983, conspiracy, and state constitutional violations. Therefore, Defendants' motions to quash are denied as to information contained in Officer DeRosa's and Officer Higgins' internal affairs and personnel files and are granted as to information regarding the Clinton Police Department and officers other than the two Defendants.

Rule 26(b)(1) further allows for discovery of information relevant to the subject matter involved in the action. FED. R. CIV. P. 26(b)(1). However, Plaintiff has failed to show good cause as to why the information regarding Clinton Township Police Department policies and procedures and information regarding officers other than Officers DeRosa and Higgins are

relevant. Plaintiff's claims against the Township have been dismissed and Plaintiff has provided the Court nothing specific which would indicate that these documents are relevant to the claims against the two officers individually. Accordingly, requests 9, 10, 12, 13, 15, 16, 17 and 18 need not be produced. The Court also finds that requests 1-6, and 14 have already been produced and are not the subject of the present motion.

**B.     *Law Enforcement Privilege***

Even though the information regarding Officer DeRosa and Officer Higgins requested by Plaintiff in the subpoena is relevant under Rule 26, it is not discoverable if the information is protected by a privilege. The executive or law enforcement privilege doctrine in federal courts is left to the courts to develop on a case-by-case basis. Torres v. Kuzniasz, 936 F. Supp. 1201, 1208 (D.N.J. 1996). "There appears to be no continuity among federal courts regarding what privileges can be invoked by law enforcement officials when defending against a civil rights claim." Id. The General Rules of the United States District Court for the District of New Jersey require that the party claiming the privilege must demonstrate the precise manner in which the document is privileged. Id. (quoting G-69 v. Degnan, 130 F.R.D. 326, 331 (D.N.J. 1990)). Further, the Third Circuit "has rejected 'broadside invocation[s] of privilege' which fail to 'designate with particularity the specific documents or file to which the claim of privilege applie[s].'" Id. (citing United States v. O'Neill, 619 F.2d 222, 225 (3d Cir. 1980)). Therefore, the privilege must be asserted by "the head of the agency claiming the privilege after he or she has personally reviewed the material and submitted 'precise and certain reasons for preserving' the confidentiality of the communications." Id. at 1210 (citing United States v. O'Neill, 619 F.2d at 226).

In a § 1983 case, a claim of governmental privilege "'must be so meritorious as to overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action.'"  Scouler, 116 F.R.D. at 496 (quoting Wood v. Breier, 54 F.R.D. 7, 13 (E.D. Wis. 1972); Crawford, 469 F. Supp. at 262).  A claim of executive privilege may protect "state and even municipal executive officials from disclosure of documents in their official capacity."  Crawford, 469 F. Supp. at 263.  The privilege is designed to protect documents and information whose disclosure would seriously harm the operation of government.  Id. at 263-264.

Courts have considered several factors "in balancing the protection of police files against the rights of a civil rights claimant."  Id.  These factors include:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;
> (2) the impact upon persons who have given information of having their identities disclosed;
> (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure;
> (4) whether the information sought is factual data or evaluative summary;
> (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;
> (6) whether the police investigation has been completed;
> (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation;
> (8) whether the plaintiff's suit is non-frivolous and brought in good faith;
> (9) whether the information sought is available through other discovery or from other sources; and
> (10) the importance of the information sought to the plaintiff's case.

Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973).  When reviewing the factors, "the balance must be weighed in favor of disclosure to the plaintiff."  Scouler, 116 F.R.D. 497; see also United States v. O'Neill, 936 F. Supp. at 1210 (explaining that "the balancing test for determining whether the law enforcement privilege applies must be conducted with an eye

toward disclosure").

In the present case, Officer Higgins claims the information requested by Plaintiff in his subpoena is protected under the law enforcement privilege. Officer DeRosa further claims that the Frankenhauser factors weigh in favor of non-disclosure of the subpoenaed information. As noted in Scouler, in applying the Frankenhauser factors to the present case, the balance must weigh in favor of disclosure.

First, Defendants have identified no particularized harm to governmental processes that would result if the information were disclosed to Plaintiff. Second, Defendants have identified no particularized harm to those parties who have given information. Further, a protective order would limit any disclosure to use in this litigation. Third, it is possible that self-evaluations would be included in the requested information. However, given the tendency toward disclosure, this factor alone is not determinative. Fourth, the information requested is both factual and evaluative. However, supervisory evaluations are not shielded without a strong showing that confidentiality is essential to the decision making process or would harm the public interest. Defendants have made no such showing here. Fifth, the related criminal proceeding, an arrest in August 2000, has concluded. Therefore, this factor is moot. Sixth, the August 2000 incident and any police investigation stemming from it has concluded. Therefore, this factor is also moot. Seventh, it is uncertain whether any intradepartmental disciplinary proceedings have arisen from the investigation. Defendants have failed to meet their burden in addressing this factor. Eighth, there is no evidence of Plaintiff's bad faith in bringing this action. Ninth, the information sought by Plaintiff, including personnel files and disciplinary files are not available through any other source. Tenth, the information sought by Plaintiff in the subpoena is important to Plaintiff's

case. Therefore, the Frankenhauser factors weigh in favor of disclosure to Plaintiff of the information relevant under Rule 26(b)(1).

Further, Officer Higgins, as a Sergeant in the Clinton Township Police Department, is not able to assert the law enforcement privilege in the present matter. This privilege can only be asserted by the head of an agency, which Officer Higgins is not. Officer Higgins also provided no specific information regarding which documents requested by Plaintiff were privileged. The standard explained in Torres which required the head of an agency to provide "precise and certain reasons" for protection of information has not been met. Officer Higgins states that "[t]he documents requested by Plaintiff are protected by the law enforcement privilege." (Higgins Ltr. Br. at 2). However, Officer Higgins does not provide additional information regarding the precise and certain reasons for protection of the documents, nor does he identify which documents are protected. Therefore, the documents requested in Plaintiff's subpoena regarding Officer Higgins and Officer DeRosa are not protected under the law enforcement privilege and must be produced to Plaintiff. Accordingly, documents contained in the internal affairs and personnel files of Officers DeRosa and Higgins, relating to categories 7, 8, part of 10, and 11, will be disclosed in accordance with the protective order discussed in Section C, infra.

### C.     *Protective Order*

Pursuant to Federal Rule of Civil Procedure 26(c), "the court . . . may make any order which justice so requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). Upon a showing of good cause, the Court may, in its discretion, enter a protective order "for which the movant bears the burden of persuasion." Caver v. City of Trenton, 192 F.R.D. 154, 162 (D.N.J. 2000).

In the present case, Officer Higgins and Plaintiff agree that a protective order is appropriate to protect the personal and confidential information of the officers sought by Plaintiff's subpoena. (See Higgins Ltr. Br. at 6 (requesting a protective order for any information ordered disclosed); Pl.'s Opp. Br. at 11 (stating that Plaintiff is willing to stipulate to a protective order)). Similarly, in a letter responding to Plaintiff's opposition to this motion, Officer DeRosa emphasizes the "highly confidential" nature of the information sought by Plaintiff. (DeRosa Response Ltr. at 2). The documents requested in Plaintiff's subpoena include references to personal information about the officers including social security numbers, addresses, telephone numbers, financial information, information relating to internal affairs' investigations, and other confidential information. Therefore, the Court orders that the discoverable information be shown only to Plaintiff's counsel and Plaintiff's experts, to be reproduced only by agreement of counsel or further order of the Court. The Court further orders that any information disclosed shall be used solely for the purposes of this litigation.

### III. CONCLUSION

For the reasons expressed here, the Court finds that the motions to quash Plaintiff's subpoena, filed by Officer DeRosa and the Township and joined by Officer Higgins, are granted in part and denied in part. Information contained in Officer DeRosa's and Officer Higgins' internal affairs and personnel files is relevant to Plaintiff's claims against them pursuant to Rule 26(b)(1) and is discoverable. However, information relating to the policies and procedures of the Clinton Police Department and to other officers is not relevant to either a claim or defense or to the subject matter involved in the case. Therefore, this information does not satisfy Rule 26(b)(1) and is not discoverable.

The discoverable information requested by Plaintiff is not protected under the law enforcement privilege in the present case because the privilege must be asserted by the head of the agency in issue who offers precise and certain reasons for non-disclosure.  Officer Higgins, a Sergeant, is not the head of the Clinton Township Police Department and has offered no precise and certain reasons for protection of the documents.  Certain of the discoverable documents requested by Plaintiff contain information personal and confidential to the Defendants.  Therefore, a protective order is entered in this case which will provide for an attorney's eyes only inspection of the documents and limit use of the information to this litigation only.

An appropriate Order accompanies this Memorandum Opinion

**Dated: November 2, 2006.**